UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL D. WILLIAMS, SR.,

        Plaintiff,                    Civil No. 03-10189-BC
v.                                       Honorable David M. Lawson
                                           Magistrate Judge Charles E. Binder

CHARLES M. CAWLEY, VANESSA
BRADLEY, MBNA AMERICA
CUSTOMER ASSISTANCE
DEPARTMENT and CAROL SOLDAU,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
DISMISSING THE COMPLAINT AND COUNTERCLAIMS**

     This matter is before the Court on the parties' cross motions for summary judgment. The motions were referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b) and E.D. Mich. LR 72.1. The magistrate judge issued his report on March 30, 2005 recommending that the plaintiff's claim raises no genuine issues of fact and the case go forward on a counterclaim. The plaintiff's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motions. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge. The Court will dismiss the complaint and allow the counterclaims to survive the motions for summary judgment.

Before allowing litigation to continue, the Court will consider its jurisdiction over the state law counterclaim. *See In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997) ("The existence of subject matter jurisdiction, moreover, is an issue that may be raised at any time, by any party or even sua sponte by the court itself."). The defendant MBNA America Customer Assistance Department filed a counterclaim on January 20, 2004 alleging breach of contract, fraud, and misrepresentation, and claiming damages in an amount in excess of $19,307.10. The Court lacks original jurisdiction over the counterclaim, *see* 28 U.S.C. §§ 1331 and 1332, because the counterclaim does not raise a federal question and alleges damages that appear to a legal certainty to be below the jurisdictional minimum. *See Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (stating the standard for a plaintiff to show amount in controversy). Therefore, the Court must exercise its supplemental jurisdiction for litigation to proceed.

The Supplemental Jurisdiction Statute provides that a district court may decline jurisdiction when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). By dismissing the complaint, the Court has dismissed all claims over which it has original jurisdiction. *See Sachs v. City of Detroit*, 257 F. Supp. 2d 903, 916 (E.D. Mich. 2003) (considering whether to exercise supplemental jurisdiction over state law counterclaim after granting defendant's motion for summary judgment). "The Court should consider factors such as judicial economy, convenience, fairness, and comity, when deciding whether to decline to exercise supplemental jurisdiction over the remaining state law claim." *Ibid*. (citations and quotations omitted). In *Sachs*, the court declined to exercise supplemental jurisdiction over a state law counterclaim reasoning that "[a]lthough this Court is familiar with the procedural history of this case, and has knowledge of its underlying facts, the state courts involved can just as easily, if they have not already done so, become as familiar and

knowledgeable. Indeed, a state court presumably has greater expertise with state law than a federal court." *Ibid*. (citations omitted).  The procedural posture of *Sachs* differs from this case, yet the Court will decline to exercise supplemental jurisdiction on the same grounds.  *See ibid* (remanding to state court).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED**.

It is further **ORDERED** that the defendants' motion to summary judgment [dkt # 24] is **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 25] is **DENIED**.

It is further **ORDERED** that the plaintiff's complaint and the defendant's counterclaims are **DISMISSED**.

        s/David M. Lawson  
        DAVID M. LAWSON  
        United States District Judge

Dated: April 26, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means or first class U.S. mail on April 26, 2005

        s/Tracy A. Jacobs  
        TRACY A. JACOBS